IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA L. SPENCER,

    Plaintiff,

vs.

Case No. 06-1335-JTM

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.

MEMORANDUM AND ORDER

    The present matter arises on plaintiff's appeal (Dkt. No. 15) after a denial of an application for disability benefits made under the Social Security Act. For the following reasons, the court denies plaintiff's appeal.

*I.  Factual Background:*

    Plaintiff filed her application for disability benefits on February 10, 2004. In her application, she noted that she was born in 1962 and alleged her disability onset on August 24, 2003. Furthermore, she alleged that she was unable to work due to asthma, knee pain, pain in her feet, blurred vision, uncontrolled diabetes, and headaches related to hypertension. At the time of the hearing, plaintiff was 43 years old. She had past relevant work as a school janitor, a machine operator, and a telephone operator.

    Ultimately, after hearing the evidence, the administrative law judge ("ALJ") determined that plaintiff had the severe impairments of obesity, arthritis, diabetes, asthma, hypertension, and

diabetic neuropathy. However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or equaled the impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. Thereafter, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to lift up to 10 pounds occasionally with frequent lifting of small objects; that plaintiff could stand and walk two hours a day and sit six hours a day with the option of changing positions at 15 to 20 minute intervals; that plaintiff required a clean work environment with no exposure to chemical fumes or extremes of temperature; that plaintiff could occasionally bend and twist but could not squat, kneel, or operate foot controls; and that plaintiff would require absences due to her impairments once a month. The ALJ concluded that plaintiff could not perform her past relevant work. Finally, the vocational expert testified that plaintiff could perform other work available in the economy. Therefore, the ALJ found plaintiff was not disabled under the Act.

## *II. Standard of Review:*

This court's review of the Commissioner's determination is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The responsibility of this court is to determine whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is

appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

*III. Conclusions of Law:*

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 339 (1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months).

In demonstrating the existence of a determinable impairment lasting for a continuous period of at least 12 months, the Commissioner's regulations set forth a five-step sequential evaluation process ("SEP") which the Commissioner must use in assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ must determine whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, supt. P, app.1. *Id*.

At step four of the process, the ALJ must address three phases in making a determination. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity (RFC). *Id.* at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two

despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases. *Id*.

*A. Steps One Through Three Challenge:*

Plaintiff specifically argues that the ALJ failed to properly evaluate Dr. Seeber, plaintiff's treating physician's, opinion and failed to properly evaluate plaintiff's credibility.

"The ALJ is required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions if 'it is well supported by clinical and laboratory diagnostic techniques and . . . it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quoting *Castellano v. Sect'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)). A physician's statement whether an individual is or is not able to work is a conclusion upon the ultimate issue and is not determinative, although it is evidence, the weight of which depends upon the "extent to which it is supported by scientific and competent medical findings and the extent to which it is consistent with other evidence." *Thompson v. Harris*, 508 F. Supp. 134, 139-40 (D. Kan. 1981).

In the present case, the ALJ determined that Dr. Seeber's opinion was not entitled to controlling weight because her opinion was not consistent with her treatment notes and was not supported by objective medical findings. Specifically, Dr. Seeber opined that plaintiff could stand or walk less than one hour throughout the day and lift less than five pounds, but did not note any abnormalities with respect to plaintiff's gait, strength deficits, or range of motion deficits. Ultimately, although the ALJ did not give controlling weight to Dr. Seeber's opinion,

the ALJ accorded some weight to her opinion and found that plaintiff required a clean environment with no exposure to chemical fumes or extremes of temperature, which was consistent with Dr. Seeber's opinion.  Further, the ALJ also found that plaintiff could not squat, kneel or operate foot controls, which was also consistent with Dr. Seeber's opinion.  The court finds that the ALJ properly evaluated Dr. Seeber's medical opinion by including portions of her opinion that were supported by the record in the RFC determination.

Furthermore, the court finds that the ALJ properly evaluated plaintiff's credibility, in accordance with *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).  Under *Luna*, the Tenth Circuit articulated the framework for analyzing evidence of disabling pain, which requires analyzing the following factors: (1) whether claimant proves with objective medical evidence an impairment that causes pain; (2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and (3) if so, whether the pain is disabling based upon all objective and subjective evidence.  *Id*.  The ALJ must consider fully all evidence relating to the claimant's subjective complaints, including such factors as the claimant's activities of daily living; the location, duration, frequency, and intensity of the claimant's symptoms; the existence of any precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken by the claimant to relieve symptoms; any measures other than medication taken by the claimant to relieve symptoms; and any other factors concerning the functional limitations of the claimant. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir.1988) (ALJ may consider claimant's daily activities in determining whether he is entitled to disability benefits); *Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000) (ALJ may properly consider what

attempts plaintiff has made to relieve his pain, including whether he took pain medication, in evaluating his credibility).

The ALJ first noted that the objective medical evidence did not support plaintiff's allegations because Dr. Seeber did not note any objective findings to support a finding that plaintiff was limited to less than sedentary work. Instead, Dr. Seeber repeatedly noted that plaintiff had no cyanosis, clubbing, or edema in her extremities with no additional findings. Furthermore, Dr. Motoc found that plaintiff had 70 pounds of grip strength on the right and 80 pounds on the left and that motor function, sensation, and reflexes were normal in her extremities. Furthermore, even though plaintiff's allegations included pain in her feet, she stopped taking Cymbalta which she stated helped with her foot pain. Plaintiff also testified that she took only over-the-counter medications for her pain. *See Noble v. Callahan*, 978 F. Supp. 980, 986 (D. Kan. 1997) (non-aggressive treatment and use of non-prescription pain medication are both inconsistent with a disabling impairment). Finally, plaintiff also noted that she fell down due to her knee pain and that she needed to lie down on a daily basis. However, the ALJ found that medical records did not reflect that plaintiff fell or needed to lie down. Taken together, the evidence demonstrates that the ALJ properly weighed plaintiff's complaints of subjective pain.

B.  *Step Four Challenge:*

Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence. However, the court disagrees. First, as noted above, the ALJ incorporated portions of Dr. Seeber's opinion in her RFC determination. Furthermore, Dr. Motoc noted that plaintiff had 70 pounds of grip strength on the right and 80 pounds of grip strength on the left and that

plaintiff was able to pick up a coin, button a button, and open a door, consistent with the ALJ's finding that plaintiff could frequently use her hands.  The ALJ also used portions of plaintiff's testimony in the RFC determination, which included plaintiff's testimony that she could lift five to ten pounds on an occasional basis and ten to fifteen pounds at the heaviest.  This testimony is consistent with the ALJ's determination that plaintiff could lift up to ten pounds occasionally.  Additionally, plaintiff also testified that she could not crawl or kneel and shifted positions from sitting to standing during the hearing, both of which are included in the ALJ's RFC determination.  However, as the ALJ noted, the medical records did not reveal objective findings which would preclude two hours of standing/walking or six hours of sitting throughout the day.  Specifically, Dr. Seeber did not note any gait abnormalities, sensory deficits, or range of motion deficits in her treatment notes.  Additionally, Dr. Motoc noted a decrease in range of motion in plaintiff's knees with a mildly impaired gait, but no evidence of diabetic neuropathy.  The court finds that the ALJ properly determined plaintiff's RFC, which is supported by substantial evidence.

      Second, plaintiff alleges that the ALJ failed to properly evaluate the effects of her obesity in determining her RFC.  Under SSR 02-1p, an adjudicator must consider the effects of obesity when evaluating disability.  However, the ALJ found that one of plaintiff's severe impairments was her obesity and specifically noted plaintiff's obesity in the discussion regarding plaintiff's RFC.  Therefore, the ALJ properly considered plaintiff's obesity in determining the RFC.

      Finally, plaintiff argues that the decision should be reversed due to the vocational expert's testimony.  When asked about the minimum time period required to perform a sedentary job successfully, the vocational expert testified that at least fifteen to twenty minutes was required.

This response is consistent with the ALJ's RFC determination that provides for an alternating option of sitting or standing at least fifteen to twenty minutes at a time. Furthermore, the vocational expert testified that plaintiff could perform other work available in significant numbers in the national economy such as telephone answering service operator, microfilm document preparer, polisher for eye glass frames, and a telephone quotation clerk. The court finds that substantial evidence supports the ALJ's decision that plaintiff could perform other work in the national economy and thus, was not disabled under the Act. For these reasons, the court denies plaintiff's appeal.

IT IS ACCORDINGLY ORDERED this 31st day of July, 2007, that plaintiff's appeal (Dkt. No. 15) is denied.

> s/ J. Thomas Marten
> J. THOMAS MARTEN, JUDGE